IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY, KANSAS

| | |
|---|---|
| MURIS CIRKIC, | ) |
|         Plaintiff, | ) |
| vs. | ) Case No. |
| BRANDON T. LAMBERT, GARY LAMBERT, D/B/A LAMBERT TRUCKING, AND CANAL INSURANCE COMPANY | ) |
|         Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel Jeffrey A. Wilson and Patrick Turner of DeVaughn James Injury Lawyers, and for Plaintiff's claims against the Defendants, alleges and states:

### A. PARTIES

1. Plaintiff Muris Cirkic is a citizen of the State of MO, and resides at 4311 Magoffin Trails Dr, Saint Louis, MO, 63129.

2. Defendant, Canal Insurance Company, is a stock fire and casualty insurance company, incorporated in the State of South Carolina with its principal place of business in the State of South Carolina. Defendant may be served through the Kansas Insurance Commissioner at 1300 SW Arrowhead Rd., Topeka, Kansas 66604.

3. Defendant, Gary Lambert, d/b/a Lambert Trucking, is citizen of the State of Kansas, with his primary residence being 345 1100 Avenue, Abilene, KS 67410.

4. Defendant, Brandon T. Lambert, is a citizen of Abilene County, KS and may be served at Defendant's residence at 345 1100 Ave, Abilene KS, 67410.

### B. JURISDICTION AND VENUE

5. This Court has jurisdiction over the persons and subject matter.

6. Venue is proper in the Kansas City division of the Kansas District Court of the Federal District Court.

7. This collision took place in Russell County, Kansas on November 11, 2020.

8. This action is brought pursuant to 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs and on the basis of diversity of citizenship.

### C. NATURE OF ACTION

9. This is a civil action for personal injuries suffered by Plaintiff Muris Cirkic.

10. This action arises out of a motor vehicle collision on 189th St. and I-70 in Russell County, Kansas on November 11, 2020.

11. Plaintiff was pulled over and stopped on the westbound on ramp at 189th St. and I-70 when the semi-truck and trailer being driven by Defendant, Brandon T. Lambert, collided with the Plaintiff.

### D. CAUSE OF ACTION – NEGLIGENCE

**COUNT 1: Common Law Respondeat Superior Negligence of Lambert Trucking**

12. Paragraphs 1-11 are incorporated herein by reference.

13. At all times relevant herein, Defendant, Brandon T. Lambert, was an employee and/or agent of Defendant, Gary Lambert, and was operating in the course and scope of his employment with Defendant, Gary Lambert.

14. Defendant, Brandon T. Lambert was hired, supervised, and trained by Defendant, Gary Lambert.

15. The actions and omissions of Defendants Brandon T. Lambert and Gary Lambert (both independently and through driver Brandon T. Lambert under Respondeat Superior and Vicarious Liability) were negligent and careless for the following reasons:

    a. Failure to yield the right-of-way;

    b. Following too closely;

    c. Inattentive operation of a motor vehicle;

    d. Failure to maintain a proper lookout;

    e. Failure to drive with reasonable care;

    f. Failure to give warning;

    g. Failure to drive at a safe speed;

    h. Failure to maintain control of a motor vehicle; and

    i. Failure to take evasive action.

    j. Distracted driving

16. Defendant, Gary Lambert was further negligent by failing to properly hire, train, and supervise its employees and/or agents, including Brandon T. Lambert, in a way that would ensure their operation of motor vehicles in a safe and prudent manner to prevent harm to other motorists.

17. The negligence of Defendants, Gary Lambert and Brandon T. Lambert directly and proximately caused the motor vehicle collision that injured Plaintiff, Muris Cirkic.

18. Gary Lambert, is a motor carrier and operating under authority through the United States Department of Transportation with an assigned D.O.T. number of 832682.

19. Upon information and belief, the semi-trailer truck being operated by Brandon T. Lambert was owned, maintained, dispatched, supervised, controlled and repaired

      by Gary Lambert and was used as a commercial motor vehicle in both intrastate and interstate business making it subject to the Federal Motor Carrier Safety Administration regulations under 49 C.F.R. Sections 381 et. seq.

20. 49 C.F.R. § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

21. 49 C.F.R. § 390.5 provides that "motor carrier" means a for-hire motor carrier or a private motor carrier. That term includes a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers.

22. Gary Lambert was at all material times a "motor carrier" and an "employer" of its driver Brandon T. Lambert in regard to the operation of a commercial motor vehicle as defined in 49 C.F.R. §382.107.

23. The negligence of Defendant, Gary Lambert, and their employee/agent Defendant, Brandon T. Lambert, directly and proximately caused the collision and the personal injuries and damages of Plaintiff.

24. As a result of Defendants, Gary Lambert and Brandon T. Lambert's negligence, Plaintiff sustained severe personal injuries. Plaintiff has or is expected to sustain past medical expenses, future medical expenses, past lost wages, future lost wages, medical mileage, and past and future non-economic damages such as pain, suffering and mental anguish.

### Count 2: Liability of Canal Insurance Company

25. Paragraphs 1-24 are incorporated herein by reference.

26. Gary Lambert is required by the Public Motor Carrier Act to have a license to

operate in Kansas.

27. Gary Lambert is a motor carrier that has applied for and received such permission to operate in Kansas from the KCC.

28. As part of its application to the KCC and annual renewals thereof, Gary Lambert was required to obtain and maintain a liability insurance policy meeting the minimum requirements of K.S.A. 66-1,128.

29. As part of its application to the KCC and annual renewals thereof, Gary Lambert was required to file the applicable insurance policy (Policy No. I3770140011) obtained and the KCC had to approve the same.

30. On November 11, 2020, the vehicle owned by Gary Lambert and being operated by Mr. Brandon Lambert was being operated on the highways of this state (U.S. Highway I-70 in Russell County, KS) in the business for which Gary Lambert had obtained operating permission from the KCC and acquired an insurance policy in conformance with the requirements of the KCC.

31. Canal Insurance Company is the insurance carrier that provided said insurance policy.

32. Canal Insurance Company is therefore subject to a direct action under K.S.A. 66-1,128 and may be held liable as the surety for Gary Lambert.

33. Therefore, the negligence and liability of Gary Lambert is the negligence of Canal Insurance Company.

WHEREFORE, Plaintiff requests judgment against defendants for an amount in excess of $75,000 plus costs and any further relief this Court deems fair, just and equitable.

                                            Respectfully submitted,

                                            DeVaughn James Injury Lawyers

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Patrick Turner, #23437
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
jeffwilson@devaughnjames.com
pturner@devaughnjames.com
*Attorneys for Plaintiff*

## DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

COMES NOW the plaintiff and demands a pretrial conference and a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff and designates Kansas City, Kansas as the place for trial in this matter.

DeVaughn James Injury Lawyers

By: /s/ Jeffrey A. Wilson
Jeffrey A. Wilson, #26527
Patrick Turner, #23437
3241 N. Toben
Wichita, KS 67226
316-888-8888 [t]
316-425-0414 [f]
jeffwilson@devaughnjames.com
pturner@devaughnjames.com
*Attorneys for Plaintiff*